**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

Halfwassen ILPK, LLC,                    )
                                         )
Plaintiff,                               )
                                         )
    v.                                   )    No. 3:14-CV-1852
                                         )
INLAND LOGISTICS PORT-KINGSBURY,         )
LLC AND GREEN EXPRESS COMPANY,           )
                                         )
Defendants.                              )

## OPINION AND ORDER

This matter is before the Court on the Motion to Remand, filed by Plaintiff, Halfwassen ILPK, LLC, on October 2, 2014 (DE #5). For the reasons set forth below, the motion (DE #5) is **GRANTED**. The case is **REMANDED** back to the LaPorte Circuit Court, Indiana, on the basis that this Court lacks subject matter jurisdiction over this controversy. Additionally,  Halfwassen is **AWARDED** its just costs and actual expenses, including attorneys' fees, as a result of the removal.

BACKGROUND

Halfwassen ILPK filed its amended complaint in the LaPorte Circuit Court on July 15, 2014, seeking a declaratory judgment over the construction and validity of the Operating Agreement of ILPK, LLC and seeking damages from breaches alleged against the

Defendants.  (DE #2.)  Defendants filed a notice of removal with this Court on September 2, 2014.  (DE #1.)

The parties do not dispute that Defendant Green Express Company ("Green Express") is a Florida corporation and thus a citizen of Florida.  (DE #1, ¶ 3.)  The only dispute is the citizenship of Plaintiff, Halfwassen ILPK, which is a limited liability company.  Plaintiff has provided sworn declarations establishing that Halfwassen has four members, all trusts.  The member-trusts are: the Caryl Anne Halfwassen Revocable Trust dated October 28, 1997, as amended and restated; the Colin H. Halfwassen Revocable Trust dated October 28, 1997, as amended and restated; the Colin Brent Halfwassen and Kathleen Elizabeth Halfwassen Revocable Trust dated January 11, 2007, as amended and restated; and the Joel E. Halfwassen Irrevocable Trust dated June 3, 2011.  (Pl.'s Ex. 1, Decl. of Colin J. Halfwassen; Pl.'s Ex. 2, Decl. of Caryl Anne Halfwassen.)  Trustees Colin H. Halfwassen and Caryl Anne Halfwassen, the respective trustees of the Caryl Anne Halfwassen Revocable Trust dated October 28, 1997, as amended and restated, and the Colin H. Halfwassen Revocable Trust dated October 28, 1997, as amended and restated, are both citizens of the state of Florida.  *Id.*


DISCUSSION

Defendants have the burden of showing that this case was

removable.  *Wellness Cmty-Nat'l v. Wellness House*, 70 F.3d 46, 49
(7th Cir. 1995); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d
876, 878 (N.D. Ind. 2001) ("when a federal court's exercise of
jurisdiction is challenged following removal, the burden of
establishing federal jurisdiction rests on the party seeking to
preserve removal."); *Roberson v. Orkin Exterminating Co., Inc.*, 770
F. Supp. 1324, 1328 (N.D. Ind. 1991).  A defect in the removal
procedure results in a case being remanded back to the state court.
*Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

The federal courts have limited jurisdiction.  *Wellness*, 70
F.3d at 50.  A federal court has diversity jurisdiction where the
amount in controversy exceeds $75,000 and the parties to the suit
are citizens of different states.  28 U.S.C. § 1332(a).  A
defendant may remove a case that is properly filed in state court
if that case could have originally been brought in federal court.
28 U.S.C. § 1441(a); *Shaw*, 994 F.2d at 366.  Importantly, section
1332 requires complete diversity of citizenship.  *Exxon Mobil Corp.
v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations
omitted) ("In a case with multiple plaintiffs and multiple
defendants, the presence in the action of a single plaintiff from
the same State as a single defendant deprives the district court of
original diversity jurisdiction over the entire action.").

As noted above, the dispute in this case is whether the
parties are diverse.  Plaintiff argues that the notice of removal

baldly asserts that Halfwassen ILPK is "a citizen of the State of Wisconsin," because it wrongly concludes "Halfwassen is a Wisconsin limited liability company with its principal place of business in Milwaukee, Wisconsin." (DE #1, ¶ 3.) This is not the proper analysis for a limited liability corporation (LLC).

Plaintiff sets forth the law of determining the citizenship of an LLC properly, and indeed, Defendants concede as much. (DE #8, p. 1.) The citizenship of an LLC is determined by examining the citizenship of each of its members - not the location of the LLC's principal place of business or its state of organization. *See, e.g., Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co. Ltd.*, 759 F.3d 787, 787-88 (7th Cir. 2014) ("[i]f it is a limited liability company . . . then it has the citizenship of each member"); *Copeland v. Penske Logistics LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen"); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). Thus, "even if one of the members is a citizen of the same state as one of the [Defendants], the suit cannot be maintained as a diversity action." *Boyd Mach. & Repair Co. v. Freedman*, No. 1:03-CV-57, 2003 WL 21919214, at *1 (N.D. Ind. Mar. 7, 2003) (citing *Cosgrove*, 150 F.3d at 731).

There is no dispute that Defendant, Green Express, is a Florida citizen. Plaintiff has set forth that two members of Halfwassen ILPK, LLC (Colin J. Halfwassen, as Trustree of the Colin J. Halfwassen Revocable Trust dated October 28, 1997, as amended and restated, and Caryl Anne Halfwassen, as Trustee of the Caryl Anne Halfwassen Revocable Trust dated October 28, 1997, as amended and restated), are Florida citizens. (Pl.'s Exs. 1, 2.) For the purpose of diversity analysis, this means that Halfwassen ILPK is a Florida citizen, because "the citizenship of a trust is the citizenship of the trustee." *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 257 (7th Cir. 1998); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (a trust's trustees are the "real parties to the controversy" for jurisdictional analysis).

In response, Defendants merely state that in its amended complaint, Plaintiff provided that it was "a limited liability company organized and existing under the laws of the state of Wisconsin." (DE #2 ¶ 1.) This was a state court complaint, though, and it is not surprising that Plaintiff did not allege federal jurisdictional facts in it. The defendant seeking removal bears the burden of demonstrating federal jurisdiction. *Wellness,* 70 F.3d at 49. To jump from the allegation in the complaint to the conclusion in the notice of removal that Halfwassen ILPK LLC "is a citizen of Wisconsin" and that "diversity of citizenship . . . exists under 28 U.S.C. ¶ 1332(A)(1)" (DE #1, ¶¶ 3,7) was simply

incorrect on the part of Defendants. Indeed, the Seventh Circuit has condemned this type of assumption. *See Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 693 (7th Cir. 2003) ("Both sides also must share the blame for assuming that a limited liability company is treated like a corporation.").

The only other argument Defendants pose is that "the only proof of the members of the plaintiff entity is the declarations attached to the Memorandum in Support." (DE #8, p. 1.) Moreover, they complain that they requested copies of the operating agreements and trust documents, but they have not been provided. Plaintiff's declarations were made under the penalties of perjury allowed by 28 U.S.C. § 1746, and Defendants have put forth no argument showing how the confidential trust agreements and operating agreements might verify the citizenship of the member-trustees. The Court believes the declarations are entitled to the assumption of truth - and anyway, it is not the Plaintiff's burden to prove non-diversity, it is the Defendants' burden to establish diversity of citizenship.

The only other issue is whether Halfwassen ILPK should be awarded its attorneys' fees. As the Supreme Court has stated, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140

(2005).  Under Seventh Circuit law, "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees."  *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

In this case, Defendants failed to follow the law in analyzing federal jurisdiction.  It is well settled that a limited liability company has the citizenship of each of its members.  *See, e.g., Cosgrove*, 150 F.3d at 731 (citizenship of Wisconsin limited liability company for purposes of diversity jurisdiction is the citizenship of its members).  Moreover, as the court in *Parks v. Guidant Corp.*, 402 F.Supp.2d 964, 971 (N.D. Ind. 2005), stated:

> The district court has a broad discretion in deciding whether to award fees under § 1447(c).  In this circuit, plaintiffs who prevail on a remand motion are presumptively entitled to attorneys' fees.  The presumption, of course, is rebuttable.

Defendants argue it was reasonable to rely on Plaintiff's statements in its amended complaint that Halfwassen is a limited liability company organized and existing under the laws of Wisconsin.  As already established, that statement does not establish citizenship of an LLC, and Defendants were objectively unreasonable for relying upon it in a bubble for the purpose of removing this case.  As such, Halfwassen is awarded its just costs and actual expenses, including attorneys' fees, as a result of the removal.

CONCLUSION

For the reasons set forth above, the motion to remand (DE #5) is **GRANTED**. The case is **REMANDED** back to the LaPorte Circuit Court, Indiana, on the basis that this Court lacks subject matter jurisdiction over this controversy. Additionally, Halfwassen is **AWARDED** its just costs and actual expenses, including attorneys' fees, as a result of the removal.


**DATED: February 18, 2015**          **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**